1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:   (310) 712-6600
6  Fax:   (310) 712-8800

7  Frank L. Bernstein (SBN 189504)
   fbernstein@kenyon.com
8  KENYON & KENYON LLP
   1801 Page Mill Road, Suite 210
9  Palo Alto, California 94304-1216
   Tel.:   (650) 384-4700
10 Fax:   (650) 384-4701

11 *Attorneys for Plaintiff j2 Global, Inc.*

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 j2 GLOBAL, INC.,                    )  Case No. CV 12-7968 DDP (AJWx)
                                       )
17              Plaintiff,             )  **PLAINTIFF AND**
                                       )  **COUNTERCLAIM-DEFENDANT**
18         v.                          )  **j2 GLOBAL, INC.'S NOTICE OF**
                                       )  **MOTION AND MOTION TO**
19 OPEN TEXT CORPORATION               )  **STAY CASE PENDING**
   and EASYLINK SERVICES               )  **REEXAMINATION BY THE U.S.**
20 INTERNATIONAL                       )  **PATENT & TRADEMARK**
   CORPORATION,                        )  **OFFICE**
21                                     )
              Defendants.              )
22                                     )  Judge:       Hon. Dean D. Pregerson
                                       )  Courtroom: 3
23 _____     )  Hearing:     March 11, 2013
                                       )  Time:        10:00 a.m.
24 AND RELATED CROSS-ACTION            )
                                       )
25                                     )
                                       )
26 _____     )

27

28

1 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that on March 11, 2013, at 10:00 a.m., or as

3 soon thereafter as the matter may be heard in the United States District Court,

4 Central District of California, 312 N. Spring Street, Los Angeles, California, in

5 Courtroom 3 before the Honorable Dean D. Pregerson, Plaintiff and Counterclaim

6 Defendant j2 Global, Inc., through its undersigned counsel, will, and hereby does,

7 move the Court for an order to stay this case pending reexamination of U.S. Patent.

8 No. 6,020,980 by the United States Patent and Trademark Office.

9          The Motion is based on this Notice of Motion and Motion, the

10 accompanying Memorandum of Points and Authorities, the concurrently filed

11 Declaration of Edward E. Johnson, and any further evidence and argument that the

12 Court may receive at or before the hearing.

13          This Motion is made following the conference of counsel pursuant to

14 L.R. 7-3, which took place on January 7, 2013.

15

16 Dated:  February 11, 2013          Respectfully submitted,

17

18                                   /s/ Robert A. Sacks
                                     Robert A. Sacks (SBN 150146)
                                     Brian R. England (SBN 211335)
19                                   Edward E. Johnson (SBN 241065)
                                     SULLIVAN & CROMWELL LLP
20                                   1888 Century Park East, Suite 2100
                                     Los Angeles, California 90067-1725
21                                   (310) 712-6600
                                     (310) 712-8800 facsimile
22
                                     Frank L. Bernstein (SBN 189504)
23                                   KENYON & KENYON LLP
                                     1801 Page Mill Road, Suite 210
24                                   Palo Alto, California 94304-1216
                                     (650) 384-4700
25                                   (650) 384-4701 facsimile

26                                   *Attorneys for Plaintiff j2 Global, Inc.*

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

Plaintiff and Counterclaim Defendant j2 Global, Inc. ("j2")

3 respectfully submits this Motion to Stay Pending Reexamination of U.S. Patent.

4 No. 6,020,980 by the United States Patent and Trademark Office.

5

**INTRODUCTION**

6

j2 is asserting infringement of a single patent in this case, U.S. Patent.

7 No. 6,020,980 (the "'980 Patent"). The '980 Patent is currently undergoing

8 reexamination by the United States Patent & Trademark Office (the "PTO"). j2

9 undertook on its own to request reexamination of the '980 Patent, citing prior art

10 that Defendant Open Text Corp. ("Open Text") produced in the course of litigation

11 involving similar accused technology, Case No. 09-cv-04150, currently pending

12 before this Court. Open Text thus is aware of the prior art, and even has contended

13 that that prior art invalidates the claims of the '980 Patent. Inexplicably, however,

14 Open Text has refused to stipulate to a stay pending the outcome of the

15 reexamination so the PTO can consider the art.

16

This action should be stayed until the reexamination is complete. The

17 PTO has already determined that j2's reexamination request presents a substantial

18 new question of patentability and has commenced the process of reexamination. In

19 that regard, the PTO recently issued an initial action rejecting the independent

20 claims of the patent. Thus, reexamination may result in the patent being amended

21 and it could result in the cancellation of claims.

22

If this case proceeds under these circumstances, the Court could

23 construe the patent claims, only to find that the claim language has been amended,

24 thereby requiring a second *Markman* hearing. Or the parties could spend

25 significant amounts of money in discovery, only to find that, as a result of the

26 reexamination, the scope of the patent has changed and/or the claims have been

27 rejected, rendering the parties' efforts moot. No matter what the outcome, the

28

-1-

SULLIVAN & CROMWELL LLP

1  reexamination will provide the parties and the Court with information about the

2  PTO's view of the patentability of the '980 Patent and the scope of its claims,

3  clarifying and narrowing the issues for discovery and trial.

4          There is no justification for proceeding given the state of

5  reexamination.  j2 has made clear that if on reexamination the PTO finds the

6  subject matter of the '980 Patent to be not patentable or rejects the claims and

7  allows amended claims that are narrowed in a manner where Defendants do not

8  infringe, it will not pursue this case.  Given the obvious benefits of waiting for the

9  PTO, Courts routinely stay litigation in these circumstances, particularly where, as

10  here, the stay is being requested very early in the litigation.  In this case, the

11  benefits are particularly substantial, because j2 based its reexamination request on

12  documentation of an early version of Open Text's RightFax software.  Open Text

13  contends that this early version of RightFax invalidates the '980 Patent.  Therefore

14  the PTO is actively considering one of the principal issues in this case, and a stay

15  ensures that the Court and parties have the benefit of the PTO's determination on

16  that issue.  On the other hand, because this case is at a very preliminary stage, a

17  stay will not prejudice Defendants.  The Court should therefore issue a stay

18  pending the completion of the PTO's reexamination of the '980 Patent.

19                          **BACKGROUND**

20          j2 is a Los Angeles-based company that provides enhanced messaging

21  and communications services, including Internet fax services.  In July 2012, j2

22  acquired U.S. Patent No. 6,020,980 (the "'980 Patent") from MCI.  Thus, j2 was

23  not involved in the original prosecution of the '980 Patent.  The '980 Patent is

24  directed to the electronic delivery of fax messages to email systems.  (Dkt. No. 1,

25  Ex. A.)  Defendant Open Text Corporation sells an Internet fax service, called

26  RightFAX OnDemand, based on its RightFAX software.  Defendant EasyLink

27  Services International Corporation (together with Open Text, "Defendants") also

28

-2-

SULLIVAN & CROMWELL LLP

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY CASE PENDING REEXAMINATION BY THE PTO

1 │ provides Internet fax services.  EasyLink is a wholly-owned subsidiary of Open

2 │ Text.

3 │       On September 14, 2012, j2 filed its Complaint in this action, alleging

4 │ that both RightFax OnDemand and EasyLink's Internet fax services infringe the

5 │ '980 Patent.  (*Id.* ¶ 11.)  j2 filed the Complaint based upon its reasonable and good

6 │ faith belief that the '980 Patent is valid and infringed by Defendants.  But, to

7 │ address prior art that was not before the PTO in the original prosecution of the '980

8 │ Patent before taking up the time and resources of the parties and the Court, j2 filed

9 │ a Request for *Ex Parte* Reexamination with the PTO on the same day.

10 │ (Declaration of Edward E. Johnson ("Johnson Decl.") Ex. A.)  The reexamination

11 │ request provided three references to documentation of an early version of Open

12 │ Text's RightFAX software, which Open Text contends invalidates the '980 Patent.

13 │ (*Id.*)  Thus, the question of the patentability of the claims of the '980 Patent—

14 │ either as they read now, or as amended during the course of the reexamination—

15 │ over the RightFAX prior art will be determined by the PTO.

16 │       j2 chose to file the Complaint concurrently with the reexamination

17 │ request, rather than wait until completion of the reexamination, because at the time

18 │ the parties had a mediation scheduled to discuss a global settlement of all their

19 │ disputes.[1]  By asserting this new claim, j2 enabled a discussion of the entire scope

20 │ of the parties' claims.  In addition, had j2 simply informed Open Text of the patent

21 │ without filing a lawsuit, it potentially would have been subjected to a declaratory

22 │ judgment action in an inconvenient forum.[2]

23 │

24 │ [1]   The parties are involved in three other actions pending in this Court:  *j2 Global Communications, Inc., et al.* v. *Captaris, Inc., et al.*, No. 09-4150

25 │ DDP; *j2 Global Communications, Inc.* v. *EasyLink Services International Corp.*, No. 09-4189 DDP; and *Advanced Messaging Technologies, Inc., et*

26 │ *al.* v. *EasyLink Services International Corp.*, No. 11-4239 DDP.

27 │ [2]   At least two companies have brought declaratory judgment actions against j2 in the past, forcing j2 to move to transfer to this Court.  Those cases are

28 │ *COA Network, Inc.* v. *j2 Global Communications, Inc.*, No. 10-4010 DDP and *EC Data Systems, Inc.* v. *j2 Global, Inc., et al.*, No. 12-7544 DDP.

-3-

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY CASE PENDING REEXAMINATION BY THE PTO

1    On November 19, 2012, the PTO granted j2's reexamination request.

2 (*Id*. Ex. B.) The PTO found that the RightFAX references raised a substantial new

3 question of patentability as to claims 1 and 13 of the '980 Patent.[3] On January 31,

4 2013, the PTO issued an office action rejecting Claims 1 and 13 as obvious over

5 the RightFAX references. (*Id*. Ex. C.) j2 is entitled to file a response to the action,

6 either arguing the patentability of the claims; amending the claims and arguing

7 patentability of the amended claims; or cancelling the claims. (*Id*. at 4.)

8    In order to permit the PTO to consider the patentability of the '980

9 Patent, j2 first suggested to Defendants on October 4, 2012—just three weeks after

10 filing the complaint, and before Defendants had answered—that the parties

11 stipulate to a stay. (*Id*. Ex. D.) Defendants refused. This case remains at a very

12 preliminary stage. The pleadings are not yet closed; Defendants answered and

13 counterclaimed, but j2's motion to dismiss two of Defendants' counterclaims is

14 still pending. Although the initial Rule 26 conference took place on January 28,

15 2013, there has been no discovery other than the exchange of initial disclosures.

16 Neither party has served document requests or interrogatories, or taken any

17 depositions. The Court has not conducted any substantive hearings and the

18 proposed trial date (assuming the case is not stayed) in the parties' Rule 26(f)

19 Report is in October 2014, 20 months away.

20                          **ARGUMENT**

21 **I.    Legal Standard.**

22    The authority of a District Court to stay proceedings is "incidental to

23 the power inherent in every court to control the disposition of the causes on its

24 docket with economy of time and effort for itself, for counsel, and for litigants."

25 *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant or deny a

26 motion to stay rests in the discretion of the District Court. *See ASCII Corp.* v. *STD*

27

28 ───────────────

[3]    Claims 1 and 13 are the only two independent claims of the '980 Patent, and j2 presently intends to assert both in this action.

-4-

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY CASE PENDING REEXAMINATION BY THE PTO

1  *Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). "When

2  considering a motion to stay, the court weighs a series of competing interests:  (1)

3  the possible damage which may result from the granting of the stay, (2) the

4  hardship or inequity which a party may suffer in being required to go forward, and

5  (3) the orderly course of justice measured in terms of the simplifying or

6  complicating of issues, proof, and questions of law which could be expected to

7  result from a stay." *Indio* v. *Wyeth, Inc.*, 2011 WL 1566689, at *2 (E.D. Cal. Apr.

8  25, 2011) (quoting *CMAX, Inc.* v. *Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).[4]

9  **II.     This Action Should Be Stayed Pending Action by the PTO.**

10         In this case, the third factor in the stay analysis is most important and

11  compels a stay.  A stay would promote the orderly course of justice by simplifying

12  the issues and avoiding duplication of effort.  Moreover, a stay would not prejudice

13  Defendants; on the contrary, Defendants, j2 and the Court will all benefit from

14  avoiding unnecessary litigation of issues best determined by the PTO in the first

15  instance.

16         **A.     A Stay Would Promote the Orderly Course of Justice.**

17         Proceeding with this case at the same time the PTO considers the

18  validity of the '980 Patent would risk wasting the time and resources of the Court

19  and the parties.  According to the PTO, 9% of owner-requested reexaminations

20  result in cancellation of all claims, and 70% result in changes to the claims.

21  (Johnson Decl. Ex. E.)  Just 21% result in confirmation of all claims without

22  amendment.  (*Id*.)  Thus, absent a stay, it is likely that the parties will have litigated

23  this case through a *Markman* hearing and possibly the end of discovery,[5] only to

24

---

25  [4]     Because a motion to stay does not involve issues unique to patent law, it is
         governed by Ninth Circuit law, rather than Federal Circuit law.  *See*
26       *LaserDynamics, Inc.* v. *Quanta Computer, Inc.*, 694 F.3d 51, 66 (Fed. Cir.
         2012).
27
    [5]     The median duration of a reexamination, from filing date to certificate issue
28       date, is 19.6 months.  (Johnson Decl. Ex. E.)  j2 filed the reexamination
         request in September 2012, so, based on the median duration, the certificate
         is likely to issue around May 2014.  According to the proposed schedule the

-5-

1  have those efforts go for naught depending upon what happens in the

2  reexamination.

3        Waiting for the PTO, on the other hand, would provide a number of

4  advantages:

5      a)  All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

6

7      b)  Many discovery problems relating to prior art can be alleviated by the PTO examination.

8      c)  In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

9

10     d)  The outcome of the reexamination may encourage a settlement without further involvement of the Court.

11     e)  The record of the reexamination would likely be entered at trial, thereby reducing the complexity and

12        length of the litigation.

13     f)  Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

14

15     g)  The cost will likely be reduced both for the parties and the Court.

16 *Ceiva Logic Inc.* v. *Frame Media Inc.*, 2009 WL 7844245, at *1 (C.D. Cal. June 9,

17 2009).  The Federal Circuit likewise has recognized the benefits of staying

18 litigation pending reexamination proceedings:

19     One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled)

20     or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim

21     survives the reexamination proceeding).  . . .  When a district court stays patent validity proceedings before it

22     until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination

23     statute is to be preserved.

24 *Gould* v. *Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  For these

25 reasons, courts routinely stay litigation pending reexamination.  *See, e.g.*, *ASCII*

26

27 _____

28     parties submitted in their Rule 26(f) Report, that would fall during the expert discovery period, well after the *Markman* hearing and after expert reports have been served.  (Dkt. No. 37.)

-6-

1   *Corp.*, 844 F. Supp. at 1381 ("There is a liberal policy in favor of granting motions

2   to stay proceedings pending the outcome of reexamination proceedings."); *Guthy–*

3   *Renker Fitness L.L.C.* v. *Icon Health & Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1998

4   WL 670240, at *2-3 (C.D. Cal. July 17, 1998).  This Court is already aware of

5   those benefits—it has stayed prior j2 cases involving other patents when the

6   defendants in those cases sought reexamination.  *See j2 Global Commc'ns, Inc.* v.

7   *Venali, Inc.*, 2006 U.S. Dist. LEXIS 100536 (C.D. Cal. 2006) (Pregerson, J.).

8          Here, the benefit of receiving the PTO's expert view concerning

9   alleged prior art is particularly important, because j2 submitted three RightFAX

10   references to the PTO as the basis for its reexamination request.  RightFAX is

11   Open Text's product; Open Text filed a counterclaim seeking a declaration of

12   invalidity based, at least in large part, on its contention that RightFAX invalidates

13   the '980 Patent.  Thus, the PTO will be considering the very same prior art that the

14   Court or jury must consider when this case moves forward.  If the PTO finds that

15   art to be invalidating, even though j2 does not believe that it should, j2 will not

16   pursue this case.  For the PTO and this Court to simultaneously address the same

17   invalidity issue would needlessly waste the resources of this Court and risk

18   inconsistent determinations.

19          **B.     A Stay Would Not Prejudice Defendants.**

20          Defendants will not be prejudiced by a stay.  Prejudice to the non-

21   moving party is typically found when the case is at an advanced stage, and there is

22   some indication that the stay request is a tactical maneuver to avoid trial.  *See, e.g.*,

23   *Ceiva Logic Inc.*, 2009 WL 7844245 at *1 ("A primary worry often responsible for

24   denying a motion to stay is unjustifiable delay by the moving party in filing for a

25   reexamination.").  Those concerns are absent here.  This litigation is in its earliest

26   stages.  The pleadings are not closed and neither party has requested or produced a

27   document or taken a deposition.  Trial is, at a minimum, 20 months away.

28   Furthermore, j2 is not seeking the stay for any improper purpose and will not gain

-7-

1  any tactical advantage as a result of the stay.  j2 offered to stipulate to stay the

2  action shortly after filing it, and brings this motion at the outset of the case, before

3  the parties have incurred significant expenses.  In these circumstances, a stay will

4  not prejudice Defendants or unduly delay the litigation.  *Cf. GPAC, Inc.* v. *D.W.W.*

5  *Enterprises, Inc.*, 144 F.R.D. 60, 64-65 (D.N.J. 1992) (denying stay in case that

6  had been pending for 16 months, and holding that "given the relative infancy of

7  this case, a stay pending re-examination would not unduly delay disposition, nor

8  would it cause undue prejudice to the [non-moving party]").

9          In addition, a stay would not prejudice Defendants by delaying their

10  tortious interference and unfair competition counterclaims.  Defendants have

11  moved for leave to bring these same claims in three other cases pending before this

12  Court:  *j2 Global Communications, Inc., et al.* v. *Captaris, Inc., et al.*, No. 09-4150

13  DDP; *j2 Global Communications, Inc.* v. *EasyLink Services International Corp.*,

14  No. 09-4189 DDP; and *Advanced Messaging Technologies, Inc., et al.* v. *EasyLink*

15  *Services International Corp.*, No. 11-4239 DDP.  In one of those cases, No. 11-

16  4239, j2 did not oppose the amendment.[6]  Thus, Open Text will be able to pursue

17  its tortious interference and unfair competition claims in that case, which should

18  result in a quicker resolution given that No. 11-4239 is at a much more advanced

19  stage than this action.

20

21

22

23

24

25

26

27

28

---
[6]  j2 opposed the amendment in the other two cases, No. 09-4150 and 09-4189, because those cases were very close to the discovery cutoff prior to Defendants' counsel being disqualified.

-8-

1  <u>**CONCLUSION**</u>

2     For the foregoing reasons, j2 respectfully requests that the Court stay

3  this case pending the PTO's reexamination of the '980 Patent.

4

5  Dated:  February 11, 2013          Respectfully submitted,

6

7                    /s/ Robert A. Sacks
                     Robert A. Sacks (SBN 150146)
                     Brian R. England (SBN 211335)
8                    Edward E. Johnson (SBN 241065)
                     SULLIVAN & CROMWELL LLP
9                    1888 Century Park East, Suite 2100
                     Los Angeles, California 90067-1725
10                   (310) 712-6600
                     (310) 712-8800 facsimile
11
                     Frank L. Bernstein (SBN 189504)
12                   KENYON & KENYON LLP
                     1801 Page Mill Road, Suite 210
13                   Palo Alto, California 94304-1216
                     (650) 384-4700
14                   (650) 384-4701 facsimile

15                   *Attorneys for Plaintiff j2 Global, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN & CROMWELL LLP

-9-