1  Grant E. Kinsel, Bar No. 172407
   GKinsel@perkinscoie.com
2  PERKINS COIE LLP
3  1888 Century Park E., Suite 1700
   Los Angeles, CA  90067-1721
4  Telephone:  310.788.9900
   Facsimile:  310.788.3399
5
6  Timothy J. Carroll (Pro Hac Vice)
   tcarroll@perkinscoie.com
7  Matthew F. Carmody (Pro Hac Vice)
   mcarmody@perkinscoie.com
8  PERKINS COIE LLP
9  131 South Dearborn Street, Suite 1700
   Chicago, IL 60603
10 Telephone:  312.324.8400
   Facsimile:  312.324.9400
11
   *Attorneys for Defendants/ Counterclaimants*
12 *OPEN TEXT CORPORATION and EASYLINK*
   *SERVICES INTERNATIONAL CORPORATION*
13 [See signature block for full list of counsel]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL INC., | Case No. 12-cv-7968 DDP (AJWx) |
| Plaintiff, | DEFENDANTS/ COUNTERCLAIMANTS' OPPOSITION TO PLAINTIFF/ COUNTER DEFENDANT'S MOTION TO STAY CASE PENDING REEXAMINATION BY U.S. PATENT & TRADEMARK OFFICE |
| v. | |
| OPEN TEXT CORPORATION and EASYLINK SERVICES INTERNATIONAL CORPORATION, | |
| Defendants. | |
| OPENTEXT CORPORATION and EASYLINK SERVICES INTERNATIONAL CORPORATION, | Date: March 11, 2013
Time: 10:00 a.m.
Courtroom: 3 |
| Counterclaimants, | Judge: Hon. Dean D. Pregerson |
| v. | |
| J2 GLOBAL INC., Counter-Defendant | |

80040-0014/LEGAL25816503.1

OPPOSITION TO MOTION TO STAY CASE
PENDING REEXAMINATION BY U.S. PATENT
& TRADEMARK OFFICE
Case No. 12-CV-7968 DDP (AJWx)

# I. INTRODUCTION

j2's motion to stay this litigation, which it chose to file as plaintiff, should be denied because the motion is no more than a transparent tactical maneuver that would substantially and unfairly delay Open Text's ability to pursue its counterclaims. Moreover, a stay is completely unnecessary. As j2 points out, the PTO is likely to conclude its reexamination while discovery is still pending, and no events (such as a Markman hearing) that could be affected by the reexamination are approaching. Thus, the Court and the parties will have ample opportunity to raise any scheduling issues necessitated by reexamination results at a later date. Meanwhile, Open Text has asserted tortious interference counterclaims that would not be affected by the reexamination, and Open Text should not be prevented from pursuing those claims for months while an unrelated PTO proceeding is pending.

Typically, a motion for a stay pending reexamination is brought by a defendant who has filed for reexamination of a patent it is accused of infringing. In this case, however, plaintiff j2 has manufactured its own dilemma. For its own tactical reasons, j2 chose to file for reexamination of the '980 patent and to file an infringement suit against Open Text and EasyLink (together "Open Text") on the very same day in September 2012.

j2 chose to file this fourth patent lawsuit against Open Text in order to ratchet up its leverage in advance of an October 2012 mediation. Nevertheless, when it filed the instant claims, j2 had reason to question the validity of the patent it was asserting against Open Text. In filing the reexamination, it argued to the PTO that there was a substantial question regarding the patentability of the '980 patent, due to the very same product, Open Text's RightFax, which it now accuses of infringing. But rather than allow the PTO to resolve the invalidity issue before asserting the patent, j2 elected to push forward with the suit in order to obtain a perceived advantage in global settlement negotiations between the parties. Now, however, after the suit no longer serves its purposes, j2 asks the Court to rescue it

from the suit it chose to file, which would delay Defendants from disproving j2's claims and asserting their counterclaims. In truth, j2 wants to have its cake and eat it, too—it seeks to use this action as negotiating leverage, while delaying Defendants from actually litigating it. j2's tactical motion should be denied.

## II. BACKGROUND

As the Court is aware, j2 has asserted multiple patents against Open Text in four separate cases, all pending before this Court. Although j2's patent suits have been pending against Open Text and its affiliates for years, j2 acknowledges that it decided to file this particular lawsuit only last September, in order to increase pressure on Open Text before a mediation the parties had scheduled in the earlier filed cases. [*See* j2's Motion to Stay, Dkt. #45 at 3 (explaining that j2 chose to file its complaint in this matter in order to affect an upcoming mediation)]. On the same day, it filed for reexamination, arguing to the PTO that there was a substantial question about the patentability of the '980 patent in light of the accused product, RightFax, which predated it. [Dkt. #45-3, Ex. A at 3] j2 then sought Open Text's agreement to stay the case pending reexamination at the outset, which would have allowed the infringement threat to hang over Open Text's head and cast a shadow over its products for many months, while j2's earlier-filed cases moved forward. [*See* Dkt. #45-6, Ex. D at 41] Meanwhile, in the market j2 was telling customers that Open Text could not legally sell *any* kind of fax-to-email services without infringing j2's patents. *See* Open Text's Counterclaims, Dkt. #34 at 24].

In response to j2's false and misleading statements, Open Text asserted counterclaims for tortious interference and sought declaratory judgments of non-infringement and invalidity. [*Id.*] In addition, Open Text explained to j2 that j2 had no Rule 11 basis for the suit, because the accused Open Text product, RightFax, had been on sale since before the '980 patent had issued, and none of the relevant functions had changed. In other words, RightFax cannot infringe, because it came before the patent. And, as Open Text pointed out, j2 knew this, because it was

1  revealed in RightFax documents affirmatively used by j2 in depositions in the other
2  cases between the parties. [*See* Declaration of David J. Palmer ("Palmer Decl."),
3  Ex. A, B]  j2 responded by merely repeating its infringement allegation, offering
4  again to stay (but not withdraw) the case.  [Dkt. #45, Ex. D]
5      j2 has now unilaterally moved to stay this case, hoping to push its frivolous
6  infringement claim to the backburner, while it presses ahead with the other cases,
7  where it sees a tactical advantage in speed, following the Court's disqualification of
8  Open Text's in-house and outside attorneys in those cases.  Thus, in this motion and
9  in its opposition to Open Text's motion to stay the other cases pending inter-
10 locutory appeal, j2 hypocritically speaks out of both sides of its mouth.  For
11 example, j2 strenuously *opposes* a stay requested by Open Text in the other j2
12 cases, insisting incredibly that Open Text's supposed "ongoing and willful
13 infringement" is resulting in "irreparable harm."  [Case No. 2:09-cv-04150, Dkt.
14 #419 at 12 (claiming "j2 will be severely prejudiced by a stay")]  In this case, where
15 j2 now sees an advantage in delay (despite having made an affirmative decision to
16 file the suit in conjunction with the reexamination), j2 urges the Court to suspend
17 proceedings for many months.  But in the other cases, where j2 recognizes it would
18 gain tactically from squeezing successor counsel's ability to get up to speed, it does
19 not hesitate to insist that the litigation move ahead at full speed.

## III.   ARGUMENT

### A.   Legal Standard

22     Although it is within this Court's discretion to grant a stay, before the
23 moving party is entitled to a stay, it must present a "clear case of hardship or
24 inequity" were it required to go forward.  *Landis v. N. Am. Co.*, 299 U.S. 248, 255
25 (1936).  In addition, when considering a motion to stay a patent infringement action
26 pending PTO reexamination, Courts look at three factors: (1) whether a stay would
27 simplify the claims and issues; (2) whether discovery is completed and whether a
28 trial date is set; and (3) whether a stay would unduly prejudice or create a tactical

disadvantage to the nonmoving party. *Biomet Biologics, LLC, et al., v. Bio Rich Medical, Inc. et al.,* No. SACV 10-1582 DOC (PJWx), 2011 WL 4448972, at *2 (C.D. Cal. Sep. 26, 2011) (denying motion to stay after balancing factors).

j2 has not shown that any "hardship or inequity" would result from moving forward with this case. Indeed, it would be difficult to do so, given that it was j2's decision to file the lawsuit so that it would move in conjunction with the reexamination, rather than waiting. Moreover, although this litigation is at an early stage, a stay is unnecessary to take account of any forthcoming results of the PTO's reexamination, which could be dealt with by making any adjustments to the schedule that ultimately prove necessary. And a stay in this case would unfairly grant j2 a clear tactical advantage over Open Text by substantially delaying adjudication of Open Text's claims.

**B.    Granting j2's Motion Would Give j2 a Tactical Advantage, and Would Prejudice Open Text.**

Having brought this suit for additional leverage against Open Text leading up to a global mediation, but now finding itself with no good argument for infringement and facing Open Text's counterclaims, j2 now sees a tactical advantage in slow-tracking the case. By staying this case, j2 seeks to delay any judgment that Open Text does not infringe the '980 patent, and to delay judicial scrutiny over its improper interference with Open Text's customers. Such a delay would prejudice Open Text, both by allowing an unjustified cloud to remain over its RightFax product for much longer than necessary, and also by delaying the resolution of Open Text's counterclaim for tortious interference.

"If a stay would result in prejudice or a clear tactical disadvantage to the nonmoving party, courts have generally denied the motion to stay." *Biomet Biologics,* 2011 WL 4448972, at *2 (denying motion for stay because, *inter alia*, nonmovant would be prejudiced by delay of counterclaims for antitrust violation and sham litigation). As the court held in *Biomet Biologics*, "permitting a stay

1  because *some* relevant claims may be affected 'would invite parties to unilaterally
2  derail timely patent case resolution by seeking reexamination.'" *Id.* (quoting
3  *Largan Precision Co. Ltd., v. Fujifilm Corp.*, No. C 10-1318 SBA, 2011 WL
4  794983, at *2 (N.D. Cal. Mar. 1, 2011) (emphasis added); *see also Wordtech*
5  *Systems, Inc. v. Microboards Manufacturing, LLC*, No. C 09-04612 SI, 2010 WL
6  1641510, at *1-2 (N.D. Cal. April 22, 2010) (denying motion to stay due to
7  prejudice to nonmoving party and because several counterclaims were outside the
8  scope of reexamination, even though no discovery or case management conference
9  had occurred); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053
10 EDL, 2008 WL 4821318, at *2 (N.D. Cal. Nov. 3, 2008) (denying motion to stay
11 due to tactical disadvantage to nonmoving party).

12      In this case, Open Text would be prejudiced by a stay, because Open Text
13 would not be able to pursue its counterclaims for a declaration of non-infringement
14 and for tortious interference without substantial and prejudicial delay.  This
15 prejudice would be particularly acute given the advanced stage of the global dispute
16 between the parties.  Moreover, a stay would present a significant tactical
17 disadvantage to Open Text by allowing j2 to keep its patent infringement claim
18 hanging over Open Text, serving as leverage in settlement discussions, while at the
19 same time depriving Open Text of the opportunity to demonstrate that j2's claim is
20 meritless and remove its shadow in a timely way.

21      Courts recognize that the nonmoving party facing a motion to stay is
22 particularly likely to be prejudiced where the litigants are competitors. *Tesco Corp.*
23 *v. Weatherford Intern., Inc.*, 599 F.Supp.2d 848, 851 (S.D. Tex. 2009).  This is true
24 here both because the harm alleged in Open Text's counterclaims (j2's wrongful
25 sabotage of Open Text's customer relationships) may not be fully compensable
26 through damages, and because delayed discovery could result in the loss of
27 evidence. *See Avago Technologies Fiber IP (Singapore) Pte. Ltd., v. Iptronics Inc.*,
28 No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011)

(competition can justify denial of a stay when effects "would be difficult to reverse after the fact"); *see also Affinity Labs of Texas v. Apple Inc.*, No. 09-04436 CW, 2010 WL 1753206, *1-2 (N.D. Cal. April 29, 2010); *Tesco,* 599 F.Supp.2d at 852. For example, Open Text's tortious interference claim will require third-party discovery regarding statements made by j2 to potential customers. Such evidence is vulnerable to loss or unavailability as time passes. *See Telemac Corp. v. Tele-digital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (stay denied in part because "further delay could lead to further loss of information."

## C. A Stay is Not Necessary to Simplify the Claims and Issues.

j2 argues that a stay would "promote the orderly course of justice" and simplify the issues. But a stay is not needed, because the results of the reexamination are likely to come before discovery has ended, and the case's schedule could be altered later, when significant case events are approaching, should any adjustment prove to be necessary.

According to j2's calculations (at 5), and under the schedule proposed by the parties, the reexamination results will likely become available sometime before the conclusion of expert discovery, with time remaining to account for them in preparing for trial.[1] Thus, j2's argument does not support staying the case at this early stage. Rather, j2's calculations show that the Court and the parties will have abundant opportunity to make any adjustments to the case calendar that become necessary, without the need to suspend the case completely and start discovery from the beginning only after the reexamination results are in. When presented with an early motion to stay pending reexamination, courts often take this approach. *See Avago*, 2011 WL 3267768, at *6 (denying stay because, *inter alia*, the case calendar

---

[1] The reexamination results may well come in substantially earlier than the median time cited by j2. For example, in another case between these same parties, the PTO concluded reexamination of U.S. Patent No. 5,872,640 in less than seven months. Palmer Decl., Ex. C

could remain undisturbed while reexamination proceeded in parallel, while a stay would result in "excessive" delay, postponing trial for years); *Centrify Corp. v. Quest Software, Inc.*, No. C 10-3873 CW, 2011 WL 607107, at *2 (N.D. Cal. Feb. 11, 2011) (denying a stay, holding that the factual record should be developed while reexamination was pending, and a motion for stay could be renewed later if claim construction or dispositive motions approached).

Moreover, some of the claims in the case cannot be simplified by the reexamination results. Open Text's counterclaim for tortious interference would remain unaffected by reexamination of j2's patent, and should not be derailed by the proposed stay.[2] In addition, Open Text should be permitted to explore, without a lengthy delay, the extent to which j2 fully understood, based on the RightFax documents it has already used in litigation, that it had no Rule 11 basis for bringing this suit, because RightFax operates the same way now as it did before the '980 patent was filed.

### D. The Fact That This Case is at an Early Stage Does Not Weigh in Favor of a Stay

The fact that this case is at an early stage does not support granting the stay. Courts often deny motions to stay even when the case sought to be stayed is at an early stage, finding that prejudice to the nonmoving party and the tactical advantage that would be gained by the stay outweigh the fact that the case sought to be stayed has not yet begun discovery. *Affinity Labs*, 2010 WL 1753206, *1-2 (denying motion to stay due to prejudice to nonmoving party, even though no discovery or case management conference had yet occurred). This is particularly so when there

---

[2] Thus, even if the Court stays j2's patent infringement action, it should permit Open Text's counterclaims to proceed.

j2 argues (at 8) that Open Text would not be prejudiced by delaying its counterclaims in this suit, because j2 did not oppose Open Text's motion to amend its counterclaims in Case No. 11-4239. But j2 does not mention that the Court has not granted leave to amend in that case, so Open Text's counterclaims are currently pending only in this case.

1  are claims in the case that are outside the scope of, and would remain unaffected by
2  the reexamination, as is true with Open Text's tortious interference claims here.
3  *See, e.g., Wordtech Systems, Inc. v. Microboards Manufacturing, LLC*, No. C 09-
4  04612 SI, 2010 WL 1641510, at *1-2 (N.D. Cal. April 22, 2010) (denying motion
5  to stay due to prejudice to nonmoving party and because several counterclaims
6  were outside the scope of reexamination, even though no discovery or case
7  management conference had occurred).
8        The fact that this litigation is at an early stage should also carry reduced
9  weight in the balance because there are other patent suits between the parties that
10 are much further along, having been pending for years, and any settlement between
11 the parties would likely be a global one.

12 **E.    j2's Cases Do Not Support its Motion for a Stay.**

13       j2 relies (at 6) on *Ceiva Logic Inc. v. Frame Media Inc.*, No. SACV 08-
14 00636-JVS (RNBx), 2009 WL 7844245 (C.D. Cal. June 9, 2009) in contending that
15 staying this case pending reexamination would offer certain advantages.  First, j2
16 contends that "[a]ll prior art presented to the Court will have been first considered
17 by the PTO."  This is not necessarily true—Open Text did not file the
18 reexamination petition, and does not control what information j2 decides to submit
19 to the PTO.  Second, j2 claims that "[m]any discovery problems relating to prior art
20 can be alleviated by the PTO examination." It is unclear what discovery problems
21 are being referred to, but it has admitted that Open Text's own prior art, RightFax,
22 is important, and this forum has a broader ability to discover facts about Open
23 Text's product than the PTO does.  Third, j2 claims that "the suit will likely be
24 dismissed" if the patent is ruled invalid, but due to Open Text's tortious inter-
25 ference counterclaim, this does not follow either.  Fourth, j2 claims that the "out-
26 come of the reexamination may encourage settlement without further involvement
27 of the Court."  This is also not true, because any settlement between the parties
28 would involve all the patents at issue between them, in this case as well as in the

1 cases in which j2 strenuously *opposes* any stay.  j2 also contends that trial may be
2 more streamlined following reexamination, but this fact does not support its motion
3 either.  As j2 argues, the results of the reexamination will likely be available well
4 before trial even if the case is not stayed, and could then effectively be used to
5 streamline trial.  Thus, the factors considered by the court in *Ceiva Logic* do not
6 support j2's motion here.

7    j2 also relies (at 4-5) on *ASCII Corp. v. STD Entertainment USA, Inc.*, 844
8 F.Supp. 1378 (N.D. Cal. 1994).  But the Court in *ASCII Corp.* could identify no
9 tactical advantage gained by the moving party from the stay.  Here, by contrast, j2
10 clearly has a tactical interest in delaying this litigation.

### IV.   CONCLUSION

12    j2's motion to stay this litigation should be denied.  Open Text would be
13 tactically disadvantaged by it, and it is unclear now that any delay will be necessary
14 to take account of the reexamination results.  The case calendar can be adjusted
15 later, if it proves necessary.  Furthermore, Open Text's counterclaims, which allege
16 that j2 is unfairly competing with Defendants in the marketplace and disrupting
17 Defendants' business, are unrelated to the reexamination, and should not be delayed
18 by a stay.

| | |
|---|---|
| 1 | DATED: February 15, 2013 |
| 2 | |

                              **PERKINS COIE LLP**

                              By: /s/ David J. Palmer

Grant Kinsel (Bar No. 172407)
gkinsel@perkinscoie.com
Gigi C. Hoang (Bar No. 241182)
ghoang@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399

Timothy J. Carroll (Pro Hac Vice)
tcarroll@perkinscoie.com
Matthew F. Carmody (Pro Hac Vice)
mcarmody@perkinscoie.com
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: 312.324.8400
Facsimile: 312.324.9400

David J. Palmer (Bar No. 217901)
dpalmer@perkinscoie.com
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: 602.351.8000
Facsimile: 602.648.7036

*Attorneys for Defendants/*
*Counterclaimants*
*OPEN TEXT CORPORATION and*
*EASYLINK SERVICES*
*INTERNATIONAL CORPORATION*