O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS INC., | ) ) | Case No. CV 12-07968 DDP (AJWx) |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO STAY CASE PENDING REEXAMINATION BY U.S. PATENT & TRADEMARK OFFICE |
| v. | ) ) | |
| OPEN TEXT CORPORATION; EASYLINK SERVICES INTERNATIONAL CORPORATION, | ) ) ) ) | [Docket No. 45 ] |
| Defendants. | ) ) | |

**I. Background**

Plaintiff j2 Global, Inc. ("Plaintiff" or "j2") has sued Open Text Corporation and EasyLink Services International Corporation for infringement (collectively "Defendants") of U.S. Patent No. 6,020,980 ("'980 Patent"). (See generally First Amended Complaint "FAC," Docket No. 12.) OpenText owns EasyLink. Plaintiff claims that certain of Defendants' products and services (including RightFax OnDemand service, Desktop Managing service, and the EasyLink Fax2Mail service) are infringing the '980 Patent. (FAC ¶ 11.) Defendants have counterclaimed for (1) declaratory judgment of non-infringement of the '980 Patent, (2) declaratory judgment of

invalidity of the '980 Patent, (3) tortious interference with prospective business advantage, and (4) unfair competition under Cal, Bus. & Prof. Code § 17200, *et seq.* (See generally Amended Counterclaims.)  The thrust of the final two counterclaims is that j2 has made "knowingly false and improper claims to [Defendants'] prospective customers that j2's . . . patents prevent [Defendants] . . . from competing with j2." (Id. ¶ 2.)

Per j2's request, the United States Patent & Trademark Office ("PTO") agreed to reexamine the '980 Patent on November 19, 2012. (Johnson Decl. Ex. B, Docket No. 45-4.) On January 31, 2013, the PTO found that two of the '980 Patent's claims, which are relevant to this action, are unpatentable as they are obvious in light of Defendants' RightFax products and services. (Id. Ex. C. at 36.) j2, however, is allowed to respond to the PTO's finding. (Id. at 37.) Presently before the Court is Plaintiff's Motion to Stay Case Pending Reexamination by the U.S. Patent & Trademark Office ("Motion"). (Docket No. 45.)

## II. Legal Standard

Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). Courts have recognized numerous benefits attendant to staying a case after the PTO has begun reexamination. Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings," especially when a case is at its "initial stages." ASCII Corp. v. STD Entm't USA,

2

Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). In determining whether to exercise their discretion to issue a stay in light of a PTO re-examination, courts emphasize the following three factors: "(1) whether a stay would simplify the claims and issues; (2) whether discovery is completed and whether a trial date is set; and (3) whether a stay would unduly prejudice or create a tactical disadvantage for the non-moving party." Biomet Biologics, LLC v. Bio Rich Med., Inc., No. SACV 10-1582 DOC, 2011 WL 4448972, at *2 (C.D. Cal. Sept. 26, 2011).

### III. Analysis

Courts are likelier to grant a stay when a case is in its initial stages. ASCII Corp., Inc., 844 F. Supp. at 1381; Avago Technologies Fiber IP (Singapore) PTE. LTD. v. IPtronics Inc., No. 10-CV-02836-EJD, 2011 WL 3267768, at *4 (N.D. Cal. July 28, 2011) ("The later in the litigation that the reexamination request is made, the more likely it is to represent a tactical move for delay."). This case was filed in late September. (Docket No. 1.) The parties are at the initial stages of discovery. Thus, this factor weighs in favor of granting a stay.

Defendants argue that re-examination could occur jointly with discovery. However, while the length of reexamination is unknown, it could take a year or more. (Johnson Decl. Ex. E.) That is a long time to pursue pretrial matters when two claims have already been found unpatentable.

If a requested stay would result in undue prejudice or a clear tactical disadvantage to the nonmovant, the stay may be denied. Avago Technologies, 2011 WL 3267768 at *5. Prejudice is likelier to be found when the parties are competitors. Id. A long delay

3

1 between the filing of a case and the request for a stay makes it
2 more likely that the stay is just being used to tactically
3 disadvantage a party. Id. Here the parties are competitors, but
4 the gap between when the action was brought and the motion to stay
5 was filed was brief. Defendants argue that a stay would allow a
6 cloud to remain over its RightFax product. However, this product
7 is also at issue in another suit between the parties, so any cloud
8 is unlikely to dissipate any time soon, regardless of a stay in
9 this action.[1]

    Finally, j2 has stated that it would not oppose Defendants amending its counterclaims in the related case of Advanced Messaging Technologies, Inc. v. EasyLink Services International Corp. (case number 11-4239) to plead its tortious interference and unfair competition counterclaims. Defendants do not argue that the related case would be inadequate for pursuing these same counterclaims.

**V. Conclusion**

    For the above reasons, the Motion is GRANTED.

IT IS SO ORDERED.

Dated: March 21, 2013

                                       DEAN D. PREGERSON
                                       United States District Judge

---

[1] That other case is j2 Global Communications Inc v. Captaris, Inc. (case number 9-4150). The Second Amended Complaint ("SAC") in that case alleges that the RightFax products and services infringe various j2 patents. SAC ¶¶ 10, 18, 26, 34.

4